**UNITED STATES of America**

v.

**Montasser MOGHADAM.**

**Crim. No. 90–0014.**

United States District Court,
District of Columbia.

March 23, 1990.

Jeffrey Ragsdale, Asst. U.S. Atty., Washington, D.C., for the U.S.

David Woll, Kensington, Md., for defendant.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The defendant has been charged in a six-count indictment, together with co-defendant Monie Khosravi, with conspiracy to distribute 50 grams or more of a mixture and substance containing cocaine base between September 21 and October 5, 1989, (21 U.S.C. §§ 846, 841(b)(1)(A)(iii)), distribution of 5 grams or more of a mixture and substance containing cocaine base on September 27, 1989, (21 U.S.C. § 841(b)(1)(B)(iii)), distribution of 5 grams or more of a mixture and substance containing cocaine base on October 4, 1989, (21 U.S.C. § 841(b)(1)(B)(iii)), distribution of a mixture and substance containing cocaine base on October 4, 1989, and distribution of a mixture and substance containing 50

grams or more of cocaine base on October 5, 1989, (21 U.S.C. § 841(b)(1)(A)(iii)).

This matter is before the Court on defendant Moghadam's Motion to Suppress Statements.[1] A motions hearing was held on March 13, 1990, the Court thereafter took the motions under advisement. After careful consideration to the motions and the opposition thereto, and the entire record, the Court concludes that the motion to suppress defendant Moghadam's statements should be denied.

### I.

On December 6, 1989, defendant Moghadam was arrested on the corner of 31st and M street in Georgetown in Washington, D.C. at approximately 2:40 p.m. Defendant Khosravi was arrested approximately ten minutes earlier at the same location. Immediately after both defendants were arrested, they were taken to a Drug Enforcement Administration ("DEA") field office. They were interviewed in separate rooms simultaneously. Both defendants made statements admitting involvement with drugs during the interviews.

### II.

Defendant Moghadam moves to suppress the statements on the grounds that his *Miranda*[2] rights were not read to him before the interview began and in view of the "totality of circumstances" that defendant Moghadam's statement was not given voluntarily. The government contends that defendant Moghadam was read his *Miranda* rights. The Court heard the testimony of Frank Shroyer, Special Agent with the DEA and defendant Moghadam.

Special Agent Frank Shroyer gave the following testimony in response to questions from the government counsel:

1. Defendant Khosravi has filed a motion to suppress; however, during the March 13, 1990 hearing, the government withdrew its opposition to his motion. Defendant Moghadam joined in defendant Khosravi's motion, only defendant Moghadam's motion is before the Court. *See* Order filed March 12, 1990.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Supreme Court held that prior to any questioning, the person must be advised (1) that he has the right to remain silent; (2) that anything he days can be used against him in court; (3) that he has the right to the presence of an attorney, (4) that if he is indigent, he has a right to have counsel appointed. *Id.* at 444, 86 S.Ct. at 1612.

Question: Did you ever have an occasion on December the 6th to advise defendant Moghadam of his rights, *Miranda* rights, that is?

Answer: Yes, Sir, I did.

Question: Would you tell the Court where you advised him of his *Miranda* rights?

Answer: At an interview room in the Washington Division Office, 400 6th Street.

Question: At that time, had he been advised that he was, in fact under arrest?

Answer: Yes, Sir, he was advised of that.

Question: Prior to you advising him of his rights, had you made any—Had you asked him any questions, had you attempted to interrogate him or interview him at all?

Answer: No, Sir, not till I got back to the interview room.

Question: Would you describe for the Court how you went about advising defendant Moghadam of his *Miranda* rights at that interview room?

Answer: I advised him from a rights card, standard issue DEA rights card that I carry on my person at all times.

Question: How did you utilize that card and advise him of his rights?

Answer: I read from the card verbatim the rights and Mr. Moghadam acknowledge each of those rights as I read them to him. Tr. at 34–35.[3]

Defendant Moghadam testified in response to government counsel's question that "[Special Agent Shroyer] never did advise me of my rights. It was Mr.— Agent Valentine, after going to Central D.C. jail in the car, and he said, "I'm sure you know it." I said, "Yes, I do." Tr. at 77.

Upon review of the testimony of Special Agent Shroyer and defendant Moghadam, the Court finds that the defendant was read his rights. The Court accepts the testimony of Special Agent Shroyer. The Court notes that Special Agent Shroyer is a 17 year veteran.[4] His testimony was clear that he did, in fact, read the defendant his rights. Further, the defendant submits that his rights were read after the interview was completed. It seems to the Court that if the agents had neglected to read the defendant of his rights, they would not read it after the interview was completed; which would alert the defendant that they failed to follow proper procedure. The Court does not accept the testimony given by the defendant.

## III.

Defendant Moghadam further argues that in view of the "totality of the circumstances" that his statements were not made voluntarily. The defendant testified that during the interview when he denied involvement with drugs, the special agent vehemently responded that he was lying. Defendant testified that the special agent stated that "If you lie to me, I will make sure that you get it. I have you by the balls, and you can't run away from it." Tr. at 79. There was testimony, by the defendant and Special Agent Shroyer, that Special Agent Shroyer left the room on three or four occasions to interview, co-defendant Khosravi.[5] After receiving information from defendant Khosravi, Special Agent Shroyer confronted defendant Moghadam with pieces of the information to demonstrate that defendant Moghadam was lying and to further solicit admissions from defendant Moghadam.

A confession may not be "extracted by any sort of threats or violence, [or] ob-

---

**3.** Tr. refers to the transcript of the March 13, 1990 hearing.

**4.** The Court notes that Special Agent Shroyer did testify that he did not have the defendant sign the DEA waiver form, stating in writing that the defendant waives his rights. However, the Court notes that the law does not require a signing of a waiver form, but that the *Miranda* rights be read and that the defendant under-

stands his rights. The Court further notes that the defendant was born in Iran, but has lived in the United States for 15 years. The defendant is 30 years old.

**5.** Defendant Moghadam testified that he was not aware that co-defendant Khosravi had been arrested and being interviewed in another room.

tained by any direct or implied promises, however, slight, [or] by the exertion of any improper influence." *United States v. Robinson*, 698 F.2d 448, 455 (D.C.Cir.1983) (citations omitted). In determining whether the confession was voluntary the trial judge's "conclusions that the confession is voluntary must appear from the record with unmistakable clarity." *United States v. Powe*, 591 F.2d 833, 839 (D.C.Cir.1978) (citations omitted.)

Upon review of the testimony and the entire record, the Court concludes that it "appears from the record with unmistakable clarity" that the statements were made voluntarily. This Court has already found that the defendant's rights were read to him. Further, there was no testimony from the defendant that he felt threatened or that he could not remain silent. The interview lasted approximately 45 minutes. It is clear to the Court, that once the defendant became aware that the special agent had incriminating information against him he voluntarily chose to give a statement. The Court finds that there was no improper pressure used by the special agent.

For the reasons discussed above, the Court concludes that defendant Moghadam's motion to suppress the statements should be denied.

It is hereby ORDERED that defendant's motion to suppress statements is denied.